

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
April 13, 2020 03:58 PM
    AFTAB PUREVAL
   Clerk of Courts
 Hamilton County, Ohio
CONFIRMATION 937970
```

**MARK SNYDER**     **A 2001590**

**vs.**
**US BANCORP**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND**

**PAGES FILED: 7**

EFR200

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | |
|---|---|
| MARK SNYDER<br>2225 Bruns Lane<br>Cincinnati, OH 45244<br><br>    Plaintiff,<br>vs.<br><br>U.S. BANCORP<br>425 Walnut Street<br>Cincinnati, OH 45202<br><br>**Please also serve registered agent:**<br><br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>    Defendant. | Case No. _____<br><br>(Judge _____)<br><br>**COMPLAINT** |

Comes now the Plaintiff, Mark Snyder, by and through counsel, and for its Complaint against the Defendant, states as follows:

**PARTIES**

1. Mark Snyder ("Snyder") is a resident of Hamilton County, Ohio.

2. Snyder was an employee, as defined by the Family and Medical Leave Act ("FMLA") and R.C. § 4112, *et seq.*

3. Defendant U.S. Bancorp ("U.S. Bank") is a Delaware corporation with its principal place of business in Minnesota. U.S. Bank maintains offices and does business in Ohio.

4. Defendant is an employer as defined by the FMLA and R.C. § 4112, *et seq.*

## JURISDICTION AND VENUE

5. This Court possesses subject matter jurisdiction by virtue of the relief requested which includes (but is not limited to) damages in excess of $25,000.00.

6. Venue is proper in this Court pursuant to Civ. R. 3. Among other things, Hamilton County is the county where the claim for relief arose and is the county where the Defendant conducted activity that gave rise to the claim for relief.

7. This Court has jurisdiction over the person of the Defendant who is either located in Ohio, conduct its business in Ohio, have transacted business in Ohio, and/or are intentionally causing tortious injury in Ohio.

## FACTS COMMON TO ALL COUNTS

8. In 2002, Snyder began working for Defendant at an office located in Cincinnati, Ohio.

9. Prior to October 2017, Snyder worked for Defendant on a full-time basis.

10. Defendant employs more than 50 employees within a 75-mile radius of Snyder's workplace.

11. During Snyder's tenure, Snyder's work performance met or exceeded Defendant's legitimate expectations. Snyder was an exemplary employee who had excellent performance reviews year after year.

12. Snyder was a hard and loyal worker, and because of his work ethic, he was promoted numerous times and received numerous bonuses and salary increases.

13. Eventually, Snyder became the Senior Finance Director.

14. In October 2017, Snyder suffered a severe stroke. This stroke had a substantial impact not only to Snyder's physical health, but to his mental health as well.

15. As a result, Snyder notified Defendant that he had to take medical leave.

16. Snyder was able to return from leave in February 2018. He was physically and mentally capable of performing his job, but due to his stroke related disabilities, he still needed some assistance from Defendant.

17. However, Defendant refused to assist or accommodate Snyder. For instance, Snyder asked for the ability to work from home. Although Defendant had allowed other employees to work from home, Defendant denied Snyder's request.

18. Further, working exacerbated Snyder's anxiety and depression symptoms, and Defendant simply refused to accommodate Snyder. Instead, Defendant threatened to terminate him, which exacerbated his symptoms even further.

19. Due to Snyder's worsened mental health, on June 5, 2018, he went on medical leave. Three weeks later, while Snyder was still on leave, Defendant terminated his employment.

## COUNT ONE
### Interference in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(1)

20. Snyder incorporates by reference his allegations previously set forth in the preceding paragraphs as if fully rewritten herein.

21. Defendant is an employer covered by the FMLA pursuant to 29 U.S.C. § 2601 *et seq.* because it is a private business that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to Snyder's leave.

22. Snyder is an FMLA-eligible employee because he was employed by Defendant for twelve years prior to requesting FMLA leave and had been employed by Defendant for over 1,250 hours in the twelve-month period prior to his request.

23. Snyder was entitled to FMLA leave because he suffered a stroke and thereafter, suffered stroke-related mental and physical disabilities.

24. In accordance with the FMLA, notified Defendant that he would need to take leave, once in October of 2017 and, again in June of 2018.

25. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Snyder's rights provided under the act.

26. Defendant denied Snyder a benefit to which he is entitled under the FMLA in that it refused to allow Snyder to use the full amount of requested FMLA leave.

27. Defendant discouraged Snyder from fully using his FMLA leave by refusing to accommodate Snyder and terminating him while on leave.

28. Defendant's action(s) foreclosed Snyder's rights under the FMLA, including but not limited to the right to be returned to his position and to be free from threats and harassment for exercising his rights under the law.

29. As a direct and proximate result of Defendant's wrongful acts and/or omissions, Snyder has suffered and continue to suffer substantial losses, including but not limited to additional medical treatment, past and future wages, and benefits. Snyder is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO
### Retaliation in Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2615(a)(2)

30. Snyder incorporates by reference his allegations previously set forth in the preceding paragraphs as if fully rewritten here.

31. Snyder exercised his FMLA rights by taking FMLA leave from his job.

4

32. Snyder was qualified for his position and had performed his job duties effectively prior to the acts complained of herein.

33. Due to Snyder's worsened symptoms, in June 2018, Snyder went on medical leave. While Snyder was still on leave, Defendant unlawfully terminated Snyder.

34. Defendant fired Snyder because he took FMLA leave in June 2018 and/or previously in October of 2017.

35. Defendant's conduct constitutes unlawful retaliation against Snyder in violation of his rights under the FMLA 29 U.S.C. §2615(a).

36. As a direct and proximate result of Defendant's wrongful acts and omissions, Snyder has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment, past and future lost wages, and benefits. Snyder is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT THREE
**Failure to Provide a Reasonable Accommodation in Violation of RC § 4112 et seq.**

37. Snyder incorporates by reference his allegations previously set forth in the preceding paragraphs as if fully rewritten here.

38. Snyder suffered a stroke which had a substantial impact not only to Snyder's physical health, but to his mental health as well, making him a "qualified individual with a disability" within the meaning of §4112, et seq. Snyder could perform the essential functions of his position with a reasonable accommodation.

39. Snyder notified Defendant about his disability and requested reasonable accommodations. For instance, Snyder asked to work from home.

5

40. Defendant refused to engage in the interactive process and denied Snyder's request, even though Defendant had allowed other employees to work from home.

41. Defendant simply refused to accommodate Snyder. Instead, Defendant threatened to terminate him.

42. Snyder suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits.

43. Defendant intentionally violated Snyder's rights under §4112, *et seq.* with malice or reckless indifference, and, as a result is liable for punitive damages.

### COUNT FOUR
### Retaliation in Violation of R.C. 4112, *et seq.*

44. Snyder incorporates by reference his allegations previously set forth in the preceding paragraphs as if fully rewritten here.

45. Snyder engaged in protected activity when he went on medical leave first, in October of 2017, and then June of 2018.

46. Three weeks after Snyder went on medical leave in June 2018, and while Snyder was still on leave, Defendant fired Snyder.

47. Snyder was qualified for his position when Defendant fired him.

48. Defendant terminated Snyder because he went on leave in 2017 and/or 2018.

49. Snyder suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages, and benefits.

50. Defendant intentionally violated Snyder's rights under R.C. 4112, *et seq.* with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, the Plaintiff, Mark Snyder, having stated his claims for relief that he now believes he has, pray for and demand that this Court enter judgment in his favor and against said Defendant; his compensatory, punitive, and liquidated damages in the excess of $25,000.00; pre- and post-judgment interest; and all other relief to which his is entitled, including his costs and reasonable attorneys' fees.

Respectfully submitted,

/s/ *Barry F. Fagel*
Barry F. Fagel (#0060122)
Elizabeth M. Mahon (#0097894)
Lindhorst & Dreidame, Co., LPA
312 Walnut Street, Suite 3100
Cincinnati, Ohio 45202
Telephone: (513) 421-6630
Facsimile: (513) 421-0212
Email: bfagel@lindhorstlaw.com
***Attorneys for Plaintiff***

**TO THE CLERK:** Please serve Defendant and its Registered Agent via certified mail service, return receipt requested.

7